ELECTRONICALLY FILED
Hot Spring County Circuit Court
Mayme Brown, Circuit Clerk
2016-Sep-06 15:14:10
30CV-16-228
C07D01 : 11 Pages

# IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
## CIVIL DIVISION

**AUSTIN DAVIS**                                                      **PLAINTIFF**

v.                            Case No. _____

**CYNTHIA TRUJILLO**                                                  **DEFENDANT**

---

## COMPLAINT

---

COMES now the Plaintiff, Austin Davis, and for his cause of action against the

Defendant, Cynthia Trujillo, states as follows:

### THE PARTIES

1.     Austin Davis was a citizen and resident of Garland County, Arkansas, at the time

of the motor vehicle collision hereinafter described.

2.     Cynthia Trujillo was a citizen and resident of Garland County, Arkansas, at the

time of the motor vehicle collision hereinafter described.

3.     Despite numerous good faith attempts to settle this matter out of court, Austin

Davis must file suit against Cynthia Trujillo because a direct action against her insurer, Allstate

Insurance Company, is prohibited by law.[1]

### JURISDICTION AND VENUE

4.     This is an action arising from a motor vehicle collision that occurred in Hot

Spring County, Arkansas, when Cynthia Trujillo was negligent in causing the collision that is the

subject of this action.

---

[1] Ark. Code Ann. § 23-89-210; *Carter v. Bush*, 296 Ark. 261, 267, 753 S.W.2d 534, 537 (1988); *Savage v. Spicer*, 235 Ark. 946, 950, 362 S.W.2d 668, 670-71 (1962); *see generally*, Nathan Price Chaney, *A Survey of Bad Faith Insurance Tort Cases in Arkansas*, 64 Ark. L. Rev. 853 (2011).

5.      This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.[2]

## THE CAUSE OF ACTION

6.      According to the Arkansas State Police, over 100,000 preventable motor vehicle collisions occur every year.[3]

7.      On September 6, 2013, Austin Davis traveling east, driving his 1999 Mazda Miata on Martha Lane in Bismarck, Arkansas.

8.      Cynthia Trujillo was driving westerly in a 2004 Hyundai Santa Fe, as she approached the Plaintiff's vehicle while negotiating a curve.

9.      The curb weight of Austin Davis's vehicle was approximately 2,300 pounds.

10.     The curb weight of Cynthia Trujillo vehicle was approximately 3,500 pounds.

11.     The bumper construction of the 1999 Mazda Miata and the 2004 Hyundai Santa Fe were designed to prevent deformation upon impact.

12.     Cynthia Trujillo crossed the center of the roadway, while negotiating the curve, and her vehicle struck the front and driver's side of the Plaintiff's vehicle.

13.     Cynthia Trujillo's conduct gave rise to an appreciable risk of injury to others, including but not limited to Austin Davis.[4]

14.     Cynthia Trujillo knew or ought to have known her conduct would probably result in injury, yet Cynthia Trujillo failed to keep her car on her side of the road.

15.     At all times, Austin Davis's vehicle was operated in a safe and prudent manner.

---

[2] Ark. Code Ann. § 16-60-112(a).

[3] *See* Arkansas Traffic Crash Statistics published by the Arkansas State Police, available at asp.arkansas.gov/services-and-programs/detail/highway-safety-office (last visited February 1, 2016).

[4] *Hill v. Wilson*, 216 Ark. 179, 183, 224 S.W.2d 797, 800 (1949).

16.     Until he collided with her vehicle, Austin Davis was not aware Cynthia Trujillo was going to collide with his vehicle.

17.     The significant impact from the collision hurt Austin Davis and caused the injuries and damages to Austin Davis that are described below.

18.     Austin Davis had neck pain and stiffness following the collision.

19.     The greater weight Cynthia Trujillo's vehicle made Austin Davis more susceptible to injury.

20.     The stiff bumper construction of Austin Davis's vehicle made him more susceptible to injury.

21.     Austin Davis's headrest being in a down position made him more susceptible to injury.

22.     Austin Davis's head being turned at the moment of impact made him more susceptible to injury.

23.     Austin Davis being unaware of the impending collision made him more susceptible to injury.

24.     Following the collision, Austin Davis received reasonable and necessary medical treatment to his spine as a result of the collision.

25.     Austin Davis has coped with the pain from his collision injuries by taking aspirin; using home therapies; performing stretching exercises; learning to deal with his physical limitations by restricting his activities; avoiding strenuous physical activities; carefully monitoring what he lifts; and taking stretch breaks when traveling by motor vehicle.

26. Prior to the collision, Austin Davis enjoyed actively participating in his community. As a result of the collision, Austin Davis is no longer physically able to participate in such activities without them causing pain.

27. As a result of the collision, Austin Davis has been unable to live his life without added inconvenience or diminution of physical vigor.

## DUTIES OWED BY CYNTHIA TRUJILLO

28. Cynthia Trujillo was required to follow the traffic safety rule of keeping a proper lookout for the safety of Austin Davis and others, both before and at the time of the collision.[5]

29. Cynthia Trujillo was required to follow the traffic safety rule of driving at a reasonable speed for the safety of Austin Davis and others, both before and at the time of the collision.[6]

30. Cynthia Trujillo was required to follow the traffic safety rule of keeping her vehicle under proper control for the safety of Austin Davis and others, both before and at the time of the collision.[7]

31. Cynthia Trujillo was required to follow the traffic safety rule to not drive recklessly and/or indicate a wanton disregard for the safety of Austin Davis and others, both before and at the time of the collision.[8]

32. Cynthia Trujillo was required to follow the traffic safety rule of giving Austin Davis at least one-half the main-traveled portion of the road for the safety of Austin Davis and others, both before and at the time of the collision.[9]

---

[5] AMI Civ. 901 (2016).

[6] AMI Civ. 901 (2016); Ark. Code Ann. § 27-51-201.

[7] AMI Civ. 901 (2016).

[8] Ark. Code Ann. § 27-50-308.

4

33.     Cynthia Trujillo was required to follow the traffic safety rule of driving her vehicle as nearly as practical entirely within a single lane, for the safety of Austin Davis and others, both before and at the time of the collision.[10]

34.     Cynthia Trujillo was required to follow the traffic safety rule of driving her vehicle at a reduced speed when approaching and going around a curve for the safety of Austin Davis and others, both before and at the time of the collision.[11]

35.     Cynthia Trujillo was required to follow the traffic safety rule of driving her vehicle at a reduced speed when traveling upon any narrow or winding roadway for the safety of Austin Davis and others, both before and at the time of the collision.[12]

36.     Cynthia Trujillo was required to follow the traffic safety rule of driving her vehicle at a reduced speed when special hazard exist with respect to pedestrians or other traffic or by reason of weather or highway conditions for the safety of Austin Davis and others, both before and at the time of the collision.[13]

37.     Cynthia Trujillo was required to follow the traffic safety rule of using ordinary care for the safety of Austin Davis and others, both before and at the time of the collision.[14]

38.     Cynthia Trujillo was not allowed to needlessly endanger Austin Davis or anyone else by violating one or more the traffic safety rules listed above.

---

[9] Ark. Code Ann. § 27-51-303.

[10] Ark. Code Ann. § 27-51-302.

[11] Ark. Code Ann. § 27-51-201(d).

[12] Ark. Code Ann. § 27-51-201(d).

[13] Ark. Code Ann. § 27-51-201(d).

[14] AMI Civ. 305 (2016).

## DUTIES VIOLATED BY CYNTHIA TRUJILLO

39. At the time of the collision, Cynthia Trujillo violated the duty to follow the traffic safety rule of keeping a proper lookout, which needlessly endangered safety of Austin Davis and others.[15]

40. At the time of the collision, Cynthia Trujillo violated the duty to follow the traffic safety rule of driving at a reasonable speed, which needlessly endangered safety of Austin Davis and others.[16]

41. At the time of the collision, Cynthia Trujillo violated the duty to follow the traffic safety rule of keeping her vehicle under proper control, which needlessly endangered the safety of Austin Davis and others.[17]

42. At the time of the collision, Cynthia Trujillo violated the duty to follow the traffic safety rule to not drive recklessly and/or indicate a wanton disregard, which needlessly endangered the safety of Austin Davis and others.[18]

43. At the time of the collision, Cynthia Trujillo violated the duty to follow the traffic safety rule of giving Austin Davis at least one-half the main-traveled portion of the road, which needlessly endangered the safety of Austin Davis and others.[19]

44. At the time of the collision, Cynthia Trujillo violated the duty to follow the traffic safety rule of driving her vehicle as nearly as practical entirely within a single lane, which needlessly endangered the safety of Austin Davis and others.[20]

---

[15] AMI Civ. 901 (2016).

[16] AMI Civ. 901 (2016); Ark. Code Ann. § 27-51-201.

[17] AMI Civ. 901 (2016).

[18] Ark. Code Ann. § 27-50-308.

[19] Ark. Code Ann. § 27-51-303.

6

45.    Cynthia Trujillo violated the duty to follow the traffic safety rule of driving her vehicle at a reduced speed when when approaching and going around a curve, which needlessly endangered the safety of Austin Davis and others. [21]

46.    Cynthia Trujillo violated the duty to follow the traffic safety rule of driving her vehicle at a reduced speed when traveling upon any narrow or winding roadway, which needlessly endangered the safety of Austin Davis and others.[22]

47.    Cynthia Trujillo violated the duty to follow the traffic safety rule of driving her vehicle at a reduced speed when special hazard exist with respect to pedestrians or other traffic or by reason of weather or highway conditions, which needlessly endangered the safety of Austin Davis and others.[23]

48.    At the time of the collision, Cynthia Trujillo violated the duty to follow the traffic safety rule of using ordinary care, which needlessly endangered the safety of Austin Davis and others.[24]

49.    At the time of the collision, Cynthia Trujillo needlessly endangered Austin Davis and others by failing to follow one or more of the traffic safety rules listed above.

## CAUSATION OF PLAINTIFF'S INJURIES AND DAMAGES

50.    The injuries and damages sustained by Austin Davis, more particularly described below, were produced in a natural and continuous sequence from Cynthia Trujillo's violation of

---

[20] Ark. Code Ann. § 27-51-302.

[21] AMI Civ. 305 (2016).

[22] Ark. Code Ann. § 27-51-201(d).

[23] Ark. Code Ann. § 27-51-201(d).

[24] AMI Civ. 305 (2016).

one or more of the above-described independent duties of ordinary care for the safety of Austin Davis.[25]

51. The injuries and damages sustained by Austin Davis were a probable consequence from Cynthia Trujillo's violation of one or more of the above-described independent duties of' ordinary care for the safety of Austin Davis.[26]

52. Cynthia Trujillo should have foreseen and anticipated that a violation of one or more of the above-described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Austin Davis.[27]

53. The violations of one or more of the above-described independent duties of ordinary care by Cynthia Trujillo were a substantial factor in, and worked together to cause the injuries and damages sustained by Austin Davis.[28]

54. If Cynthia Trujillo had not violated one or more of the above-described independent duties to use ordinary care for the safety of Austin Davis, then the injuries and damages sustained by Austin Davis would not have occurred.[29]

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

55. The injuries and damages sustained by Austin Davis as a result of Cynthia Trujillo's violations of one or more of the above traffic safety rules, include but are not limited to the following:

[25] AMI Civ. 501 (2016).

[26] *Ouachita Wilderness Inst. v. Mergen*, 329 Ark. 405, 415, 947 S.W.2d 780, 785 (1997).

[27] *State Farm Mut. Auto. Ins. Co. v. Pharr*, 305 Ark. 459, 464, 808 S.W.2d 769, 771-72 (1991) (following *Machine, Inc. v. Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980)); *Hill*, 216 Ark. at 183, 224 S.W.2d at 800.

[28] AMI Civ. 502 (2014); *Woodward v. Blythe*, 249 Ark. 793, 462 S.W.2d 205 (1971).

[29] AMI Civ. 501 (2016).

A. Serious and permanent bodily injuries to Austin Davis's neck, back, and other parts of his body, which is a life-altering event, causing Austin Davis to lose the ability to enjoy a normal quality of life, and depriving him of the right to live his life in comfort and ease without added inconvenience or diminution of physical vigor;[30]

B. Aggravation of a condition(s) already then existing at the time of the collision that predisposed Austin Davis to injury to a greater extent than another person;[31]

C. Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;[32]

D. Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;[33]

E. Loss of income in the past and reasonably expected to be experienced in the future;[34]

F. Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;[35]

---

[30] AMI Civ. 2202 (2016); *Sanson v. Allinson*, 2014 Ark. App. 619, 447 S.W.3d 151; *Gross & Janes Co. v. Brooks*, 2012 Ark. App. 702, 425 S.W.3d 795 ("*Brooks*"); *Graftenreed v. Seabaugh*, 100 Ark. App. 364, 268 S.W.3d 905 (2007); *Fayetteville Diagnostic Clinic v. Turner*, 344 Ark. 490, 42 S.W.3d 420 (2001) ("*Turner*"); *Smith v. Galaz*, 330 Ark. 222, 953 S.W.2d 576 (1997);*Wheeler v. Bennett*, 312 Ark. 411, 849 S.W.2d 952 (1993); *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968) (quoting Henry Woods, *Earnings and Earning Capacity as Elements of Danger in Personal Injury Litigation*, 18 Ark. L. Rev. 304, 305 (1964)).

[31] AMI Civ. 2203 (2016); *Sanson*, 2014 Ark. App. 619, 447 S.W.3d 151; *Smith*, 330 Ark. 222, 953 S.W.2d 576; *Primm v. U.S. Fid. & Guar. Ins. Corp.*, 324 Ark. 409, 922 S.W.2d 319 (1996); *Owen v. Dix*, 210 Ark. 562, 196 S.W. 319 (1946); *see also Kudabeck v. Kroger Co.*, 338 F.3d 856 (8th Cir. 2003); *Tedder v. Am. Railcar Indus.*, 739 F.3d 1104 (8th Cir. 2014).

[32] AMI Civ. 2204 (2016); *Brooks*, 2012 Ark. App. 702, 425 S.W.3d 795; *Graftenreed*, 100 Ark. App. 364, 268 S.W.3d 905; *Turner*, 344 Ark. 490, 42 S.W.3d 420; *Wal-Mart Stores, Inc. v. Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991); *Honeycutt v. Walden*, 294 Ark. 440, 743 S.W.2d 809 (1988); *Matthews v. Rodgers*, 279 Ark. 328, 651 S.W.2d 453 (1983); *Williams v. Gates*, 275 Ark. 381, 630 S.W.3d 34 (1982); *Haney v. Noble*, 250 Ark. 557, 466 S.W.2d 467 (1971) (citing *Belford v. Humphrey*, 244 Ark. 211, 424 S.W.2d 526 (1968)).

[33] AMI Civ. 2205 (2016); *Turner*, 344 Ark. 490, 42 S.W.3d 420; *Smith*, 330 Ark. 222, 953 S.W.2d 576; *RLI Ins. Co. v. Coe*, 306 Ark. 337, 813 S.W.2d 783 (1991) ("*Coe*"); *Bill Davis Trucking. Inc. v. Prysock*, 301 Ark. 387, 784 S.W.2d 755 (1990) ("*Prysock*"); *Handy Dan Home Improv. Center. Inc. v. Peters*, 286 Ark. 102, 689 S.W.2d 551 (1985) ("*Peters*").

[34] AMI Civ. 2206 (2016); *Swenson v. Hampton*, 244 Ark. 104, 424 S.W.2d 165 (1968); *Cates v. Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983); *Sharp v. Great Southern Coaches, Inc.*, 256 Ark. 773, 510 S.W.2d 266 (1974); *John Hancock Mut. Life Ins. Co. v. Magers*, 199 Ark. 104, 132 S.W.2d 841 (1939); Woods, *supra* n. 30, at 308-09.

G.    Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes but is not limited to Austin Davis's loss of quality of life due to permanent injuries causing chronic pain that limits his activities;[36]

H.    Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes the fact that when Cynthia Trujillo violated the safety rules that protect us all, and caused Austin Davis to sustain needless permanent injuries, it shattered Austin Davis's trust that everyone will follow the safety rules, and causes him to fear it will happen again due to this trust being broken;[37] and

I.    The reasonable expense of any necessary help in Austin Davis's home in the past, and reasonably certain to be required in the future, as a result of Austin Davis's injuries.[38]

## AMOUNT OF DAMAGES

56.    Austin Davis's injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Austin Davis should be awarded a judgment as against the Defendant in an amount to fully and fairly compensate him for each and every element of damages that has been sustained.

---

[35] AMI Civ. 2207 (2016); *Sanson*, 2014 Ark. App. 619, 7, 447 S.W.3d 151; *Brooks*, 2012 Ark. App. 702, 425 S.W.3d 795; *Graftenreed*, 100 Ark. App. 364, 268 S.W.3d 905; *Collins v. Hinton*, 327 Ark. 159, 937 S.W.2d 164; *Smith*, 330 Ark. 222, 953 S.W.2d 576; *Gipson v. Garrison*, 308 Ark. 344, 824 S.W.2d 829 (1992); *Prysock*, 301 Ark. 387, 784 S.W.2d 755; *West Union v. Vostatek*, 302 Ark. 219, 788 S.W.2d 952 (1990); *Honeycutt*, 294 Ark. 440, 743 S.W.2d 809; *Haney*, 250 Ark. 557, 466 S.W.2d 467; *Blissett v. Frisby*, 249 Ark. 235, 458 S.W.2d 735 (1970); *Hogan v. Hill*, 229 Ark. 758, 318 S.W.2d 580 (1958); *Britt Trucking Co. v. Ringgold*, 209 Ark. 769, 192 S.W.2d 532 (1946).

[36] AMI Civ. 2205 (2016); *Smith*, 330 Ark. 222, 953 S.W.2d 576; *Coe*, 306 Ark. 337, 813 S.W.2d 783; *Chicago, R.I. & P. Ry. Co. v. Caple*, 207 Ark. 52, 179 S.W.2d 151 (1944); *Scott-Burr Stores Corp. v. Foster*, 197 Ark. 232, 122 S.W.2d 165 (1938); Howard W. Brill, *Law of Damages* § 29 (5th ed. Thompson West 2004).

[37] AMI Civ. 2205 (2016); *Peters*, 286 Ark. 102, 689 S.W.2d 551.

[38] AMI Civ. 2209 (2016); *Brooks*, 2012 Ark. App. 702, 425 S.W.3d 795; *Carr v. Nance*, 2010 Ark. 497, 370 S.W.3d 826; *Jackson v. United States*, 526 F. Supp. 1149 (E.D. Ark. 1981), *aff'd*, 696 F.2d 999 (8th Cir. 1982); *Perkins Oil Co. of Del. v. Fitzgerald*, 197 Ark. 14, 121 S.W.2d 877 (1938).

## DEMAND FOR JURY TRIAL

57.     Austin Davis demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

58.     Austin Davis reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Austin Davis prays that *Summons* be issued for Cynthia Trujillo, and that following a jury trial of this action, that Austin Davis be awarded a judgment against Cynthia Trujillo in such an amount that will fully and fairly compensate Austin Davis for all of the above described damages, and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases; that Austin Davis recover all costs expended herein; and that Austin Davis have and receive all other proper relief to which he may be entitled in the premises.

Respectfully Submitted,

*/s/ Don P. Chaney*

Don P. Chaney, AR BIN 78027
S. Taylor Chaney, AR BIN 2010011
Chaney Law Firm, P.A.
P.O. Box 1405
Arkadelphia, AR 71923
Email: don@chaneylaw.com
Telephone: 870-246-0600
Telefax: 866-734-0971
www.chaneylaw.com

*Attorneys for Plaintiff*